IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**DARRELL PETTAWAY**                                                                           **PLAINTIFF**

**v.**                                                                        **CAUSE NO. 1:17CV5-LG-RHW**

**WAL-MART STORES EAST,
LP and JOHN DOES 1-5**                                                     **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER GRANTING
## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

**BEFORE THE COURT** is the [37] Motion for Summary Judgment filed by the defendant Wal-Mart Stores East, LP, in this premises liability lawsuit. The parties have fully briefed the Motion. After reviewing the submissions of the parties, the record in this matter, and the applicable law, the Court finds that the Motion for Summary Judgment should be granted. The Court further finds that the plaintiff Darrell Pettaway's claims against John Does 1-5 should be dismissed, because the deadline for naming these parties has expired.

### BACKGROUND

On December 20, 2013, Pettaway slipped and fell in the automotive supply section of the Wal-Mart store in Pascagoula, Mississippi. He testified during a deposition that he is not sure what kind of substance he stepped in that caused him to slip, but he believes it was a liquid soap, such as Armour All. (Pl.'s Resp., Ex. D at 94, ECF No. 39-4). He does not where the substance came from, and he did not see an open container in the aisle. (*Id.*) He does not know how long the substance was on the floor or how the substance came to be on the floor. (*Id.*)

Pettaway filed this lawsuit in the County Court of Jackson County, Mississippi, alleging negligence and negligent infliction of emotional distress claims against Wal-Mart. Wal-Mart removed the case to this Court and filed the present Motion for Summary Judgment.

## DISCUSSION

A motion for summary judgment may be filed by any party asserting that there is no genuine issue of material fact and that the movant is entitled to prevail as a matter of law on any claim. Fed. R. Civ. P. 56. The movant bears the initial burden of identifying those portions of the pleadings and discovery on file, together with any affidavits, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the movant carries its burden, the burden shifts to the non-movant to show that summary judgment should not be granted. *Id.* at 324-25. The non-movant may not rest upon mere allegations or denials in its pleadings but must set forth specific facts showing the existence of a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256-57 (1986).

The parties do not dispute that Pettaway was a business invitee when he visited the Wal-Mart store. Therefore, Wal-Mart had a duty to "keep [the] premises in a reasonably safe condition and to warn of dangerous conditions which are not readily apparent to the invitee." *K-Mart Corp. v. Hardy*, 735 So. 2d 975, 981 (¶14) (Miss. 1999). Mere proof of a fall within a business is insufficient to recover on a negligence claim. *Rod v. Home Depot USA, Inc.*, 931 So. 2d 692, 695 (¶12) (Miss. Ct.

App. 2006). "A business owner/operator is not the insurer of the invitee's safety." *Id.*

> In order for an invitee to recover in a slip-and-fall case, the invitee must (1) show that some negligent act of the defendant caused his injury; or (2) show that the defendant had actual knowledge of a dangerous condition and failed to warn the plaintiff; or (3) show that the dangerous condition existed for a sufficient amount of time to impute constructive knowledge to the defendant, in that the defendant should have known of the dangerous condition.

*Moore v. Rouse's Enters., LLC*, 219 So. 3d 599, 602 (¶7) (Miss. Ct. App. 2017) (quoting *Grammar v. Dollar*, 911 So. 2d 619, 624 (¶12) (Miss. Ct. App. 2005)).

Pettaway has no evidence that Wal-Mart had actual or constructive knowledge of the spill. However, he argues that this Court should presume that Wal-Mart had knowledge of the spill pursuant to the spoliation doctrine, because Wal-Mart has not produced surveillance video of his accident. "Under the spoliation doctrine, a jury may draw an adverse inference that a party who intentionally destroys important evidence in bad faith did so because the contents of those documents were unfavorable to that party." *Schreane v. Beemon*, 575 F. App'x 486, 490 (5th Cir. 2014) (quoting *Whitt v. Stephens Cty.*, 529 F.3d 278, 284 (5th Cir. 2008)). "The Fifth Circuit permits an adverse inference against the destroyer of evidence only upon a showing of 'bad faith' or 'bad conduct.'" *Id.* "Bad faith, in the context of spoliation, generally means destruction for the purpose of hiding adverse evidence." *Guzman v. Jones*, 804 F.3d 707, 713 (5th Cir. 2015). "In borderline cases, an inference of spoliation, in combination with some (not insubstantial) evidence for the plaintiff's cause of action, can allow the plaintiff to survive

-3-

summary judgment." *Whitt*, 529 F.3d at 285 (quoting *Byrnie v. Cromwell Bd. of Educ.*, 243 F.3d 93, 107 (2d Cir. 2001). However, a spoliation inference is insufficient to survive summary judgment where "there is little other substantial summary judgment evidence of liability against" the defendant. *Id.*

In its interrogatory responses, Wal-Mart testified that its former asset protection manager "attempted to download and copy video of the incident but was unable to do so due to a mechanical problem with the video system." (Pl.'s Resp., Ex. G at 7-8, ECF No. 39-7). Wal-Mart also testified that "it has no video of the incident, or the area of the incident obtained at any time on the day of the incident . . . ." (*Id.* at 9).[1] Wal-Mart's current asset protection manager has testified by affidavit that surveillance cameras in the area of Pettaway's accident would not have captured the accident or an individual spilling a product on the floor, as the camera only captures the top portion of the aisle. (Def.'s Mot., Ex. 7, ECF No. 37-8).

In his memorandum in response to the Motion for Summary Judgment, Pettaway claims that Wal-Mart's 30(b)(6) designee testified that Wal-Mart "had video surveillance over its entire store and the areas in questions [sic]." (Pl.'s Mem. at 2, 6, ECF No. 40). However, the designee actually testified that the surveillance cameras in the store do not cover every aisle and that he did not know whether the

---

[1] Initially, Wal-Mart also testified that it did not have photographs of the area where Pettaway fell, but photographs were later located on a Wal-Mart employee's phone and were provided to counsel for Pettaway and the Court. (Pl.'s Resp., Ex. G at 9, ECF No. 39-7; Pl.'s Resp., Ex. H, ECF No. 39-8). The photographs show a large, gold-colored spill with an open bottle in the center of the spill. (Def.'s Mot., Ex. 2A, ECF No. 37-3).

aisle where Pettaway fell would have been captured on video. (Pl.'s Resp., Ex. A at 48-50, ECF No. 39-1). Pettaway also argues that Wal-Mart's 30(b)(6) designee "concedes that Mr. Pettaway received a call from a Wal-Mart representative saying she had reviewed the video footage." (Pl.'s Mem. at 10, ECF No. 40). The 30(b)(6) designee actually testified that he did not know whether Pettaway would have received such a call, but if Pettaway had received such a call it would have been from Claims Management, Incorporated, the company that handles Wal-Mart's claims. (Pl.'s Resp., Ex. A at 27-28, ECF No. 40).

The Court finds that there is no evidence of bad faith or bad conduct on the part of Wal-Mart. Pettaway has not produced any testimony or evidence to contradict testimony given by Wal-Mart's former asset protection manager that the video could not be copied or downloaded due to a mechanical problem with the video system. A mechanical problem is not indicative of bad faith or an attempt to destroy adverse evidence. Furthermore, even if Pettaway had demonstrated spoliation, the adverse inference would have been insufficient to survive summary judgment because Pettaway has no evidence of liability on the part of Wal-Mart. See *Whitt*, 529 F.3d at 285. Therefore, Wal-Mart is entitled to summary judgment as to all of the claims asserted by Pettaway.[2]

---

[2] Pettaway also asks the Court to infer that Wal-Mart failed to follow its policies requiring hourly safety sweeps of the area where he fell, because Wal-Mart's 30(b)(6) designee did not know whether the sweeps were performed. However, as this Court has previously held in response to a similar argument, Wal-Mart is "not obligated to disprove its liability. Plaintiff bears the burden of proof on her own claims." *Wallace v. Wal-Mart Stores, Inc.*, No. 5:16cv106-KS-MTP, 2017 WL

## CONCLUSION

For the foregoing reasons, the Court finds that Wal-Mart is entitled to judgment as a matter of law.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the [37] Motion for Summary Judgment filed by the defendant Wal-Mart Stores East, LP, is **GRANTED**. Darrell Pettaway's claims against Wal-Mart Stores East, LP are hereby **DISMISSED WITH PREJUDICE**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that Darrell Pettaway's claims against John Does 1-5 are **DISMISSED WITHOUT PREJUDICE**, because the deadline for naming these parties has expired. The Court will enter a separate judgment pursuant to Fed. R. Civ. P. 58.

**SO ORDERED AND ADJUDGED** this the 15th day of March, 2018.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE

---

7037741, at *2 n.15 (S.D. Miss. Oct. 18, 2017). Therefore, such an inference would be improper.